## BARRETT vs. JONES ET AL.

Where a note is declared upon as having been made upon a particular day, but the note produced on oyer bears no date, any question as to the date must be raised by plea, and not by demurrer as for variance.

*Writ of Error to Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

GARLAND & RANDOLPH, for plaintiff.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Jones and Cummins sued Barrett on a note, charging it to be made on the first of January, 1858, which, when produced on oyer, had no date. Barrett demurred for the variance, and his demurrer was overruled; he pleaded *nil debet* and payment, to which the plaintiff replied.

Upon his failure to obtain a continuance of the case, on application made by him, he thought best to withdraw his pleas, which the court gave him leave to do, and rest upon his demurrer, and the court gave judgment against him.

We do not approve of this mode of pleading backwards in order to have the benefit of a defence strictly technical, if it be any defence at all, yet the court below having permitted it, the case must be considered as resting upon the demurrer.

If the allegation concerning the note had been that it was made on the 1st January, 1858, due at one day from date, but that the note itself bore no date, that would have been a subject of proof, and no question of variance could have been raised upon the note.

And bringing the note upon record by oyer, it then becomes a part of the declaration; and the whole pleading, that is, the original declaration and the note, is equivalent to the allegation above supposed; the defendant was put to a plea to raise any question about the date of the note; otherwise his demurrer would have the effect of a simple denial of a fact, which cannot be.

Let the judgment be affirmed.